## Dodge *v.* Adams Express Company, Appellant.

*Carriers—Limitations of liability—Amount—Negligence—Interstate Commerce Act.*

1. Where a shipper delivers goods to a carrier in Pennsylvania to be transported to another state under a bill of lading which limits liability to the value stated in the contract, and the carrier, without asking the value of the goods, assesses the charges thereon on the minimum value set forth in the schedule filed by the carrier under the Interstate Commerce Act, and the goods are subsequently lost by the negligence of the carrier, the latter will be liable only for the amount specified in the contract.

*Courts—Federal question—United States courts—State courts—Supreme and Superior Courts of Pennsylvania.*

2. The Superior Court of Pennsylvania is bound to follow the decision of the Supreme Court of the United States on a federal question, where that decision is in conflict with a prior decision of the Superior Court, affirmed by the Supreme Court of Pennsylvania on precisely the same question.

Reargued May 9, 1913. Appeal, No. 24, March T., 1912, by defendant, from judgment of C. P. Dauphin Co., Jan. T., 1911, No. 428, making absolute rule for judgment for want of a sufficient affidavit of defense in case of H. C. Dodge v. Adams Express Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Petition for reargument.

*John Lewis Evans*, with him *Thomas DeWitt Cuyler*, and *Lyman D. Gilbert*, for appellant.

*Robert Snodgrass*, with him *Frank P. Snodgrass*, for appellee.

PER CURIAM, July 16, 1913:

After the decision of the supreme court of the United States in Adams Express Co. v. Croninger, 226 U. S. 491,

was rendered, and within the time allowed by law for taking an appeal from our decision in the present case to the Supreme Court of the state, the defendant applied for a reargument, and, after due consideration, the order prayed for was granted. On the reargument the defendant relied solely on the second assignment of error, which is as follows: "3. The court below erred in entering judgment in favor of the plaintiff for $159.80 and interest in view of the provisions of the Act of Congress approved February 4, 1887, 24 Stat. 379, entitled 'An Act to Regulate Commerce,' and its amendments and supplements and in particular in view of Section 20 thereof.'" The facts of the case (see 51 Pa. Superior Ct. 481) differ in no material particular, so far as the question for decision is concerned, from the facts involved in the Croninger case. In that case the decision depended upon the construction, and application to interstate shipments, of the acts of Congress referred to in the assignment of error, and particularly the amendment made by sec. 20 of the act of June 29, 1906, 34 Stat. 584, generally referred to as the Carmack amendment. The same is true of this case. It is worthy of note, also, that the decision in the Croninger case was rendered on writ of error to a state court, and was a reversal of the judgment of that court. So that there can be no doubt that the principle of the decision was intended to apply in every case depending for its decision upon the same question, whether arising in the federal or in the state courts. This is further shown by the following excerpt from the opinion of the supreme court. After stating the facts, Justice LURTON said: "The answer relies upon the act of Congress of June 29, 1906, being an act to amend the Interstate Commerce Act of 1887, as the only regulation applicable to an interstate shipment; and avers that the limitation of value, declared in its bill of lading, was valid and obligatory under that act. This defense was denied. This constitutes the Federal question and gives this court jurisdiction. Under the law of Kentucky this contract, limiting the plaintiff's recovery to the agreed or declared

value, was invalid, and the shipper was entitled to recover the actual value, 'unless,' as said in Adams Express Company v. Walker, 119 Kentucky, 121, and affirmed in Southern Express Company v. Fox and Logan, 131 Kentucky, 257, 'sufficient facts are shown, independently of the special contract, to avoid the contract for fraud or to create an estoppel at common law.' The question upon which the case must turn, is, whether the operation and effect of the contract for an interstate shipment, as shown by the receipt or bill of lading, is governed by the local law of the State, or by the acts of Congress regulating interstate commerce." Without quoting further from the opinion, it is sufficient, for present purposes, to say that the result reached was that the act of Congress governed, and that the limitation of value, declared in the bill of lading, was valid and obligatory under the act of 1906. If the same construction of the act be applied here, it necessarily follows that the plaintiff was not entitled to recover beyond the value declared in the bill of lading.

It is suggested that we ought to adhere to and follow the ruling of this court in Wright v. Adams Express Co., 43 Pa. Superior Ct. 40, which was affirmed by the Supreme Court (230 Pa. 635), until that case has been overruled by the Supreme Court itself. And this would be true, if the decision of the case did not turn on a federal question. Upon all questions of purely state law it is our duty, under the act creating this court, and would be so even if there were no express statutory provision to that effect, to follow the decisions of the Supreme Court of the state "as of binding authority:" Kittanning Boro. v. Kittanning, etc., Natural Gas Co., 26 Pa. Superior Ct. 355, 363. So, also, under the statute, it would be our duty to follow the decision of our Supreme Court upon a federal question, unless such decision were in conflict with a later decision of the Supreme Court of the United States on precisely the same question. But here, the latest decision of the question is by the Supreme Court of the United States, the court of last resort in cases involving such questions, and, as it is

to be presumed that our Supreme Court would follow it, it is our duty to do so in conformity with the rule laid down, by the courts of the country generally, as well as by our own Supreme Court, that decisions of the Supreme Court of the United States on questions involving the construction of the constitution of the United States and of acts of Congress should be followed by the state courts: Com. v. Lewis, 6 Binn. 266, 272; Mott v. Penna. R. R. Co., 30 Pa. 9; Harrisburg v. McPherran, 14 Pa. Superior Ct. 473, 491; Com. ex rel. v. Butler, 19 Pa. Superior Ct. 626; Kittanning Boro. v. Kittanning, etc., Natural Gas Co., 26 Pa. Superior Ct. 355; 11 Cyc. of Law & Pro. 752, and cases cited in note 8.

The decision in Adams Express Co. v. Croninger was a deliberate judgment upon the precise federal question involved in this case, and must be so regarded and followed until it is reversed by the court that delivered it, or a different ruling as to the scope and effect of the decision is given by our Supreme Court.

The order heretofore made is reconsidered and rescinded, the second assignment of error is sustained, and the judgment is reversed with a procedendo.