## Cusic v. Y. & O. Coal Company

David H. Weiner, for claimant.

John E. Kunkle and John M. F. Hana, for defendant.

BROWNSON, P. J., May 5, 1934.—The claimant was injured in 1923. A compensation agreement was made, under which he was paid compensation until 1929. On May 11, 1929, the referee, finding as a fact that claimant's disability had been and was partial only, and that he had been paid for partial disability during the maximum period, 300 weeks, for which the statute makes compensation for such disability payable, and consequently there was nothing more payable to him, entered an order terminating payments upon the agreement, as of February 1, 1929. Although an application was made for a rehearing, which was denied on July 9, 1929, no appeal was ever taken from the referee's findings and order, and the finding that down to the date of the referee's decision the disability was but partial became and is res judicata: Roeschen v. Dietrich et al., 107 Pa. Superior Ct. 298, 302.

On October 31, 1932, the claimant filed a petition which on its face asked the board to "modify the said agreement", but which, his counsel has stated, was really intended as an application under the second paragraph of section 413 of the statute for relief against the referee's order or award terminating compensation, the ground of the application, as stated in the petition, being that his disability "has increased as follows: The injury to your petitioner

has resulted in a permanent total disability, preventing your petitioner from doing any work of any kind whatsoever." The question raised by the present appeal is whether the compensation board erred in sustaining a plea of the statute of limitations which, by the amending act of April 13, 1927, P. L. 186, was added to section 413, the provision so added being that "except in the case of eye injuries, no agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the board within one year after the date of the last payment of compensation".

The petition in this instance was not filed until between 3 and 4 years after the last payment of compensation, and about 5½ years after the passage of the amendment.

There are two branches to the question raised. One of these relates to the correct interpretation of the amendment of 1927, with reference to whether it was intended to have application to a case in which the injury resulted from an accident occurring before this amendment was enacted. The appellant has cited decisions from some other States for the purpose of showing that such a provision in a workman's compensation law ought not to be interpreted as having any retrospective operation. But this point is not open to our consideration. The Superior Court has decided in DeJoseph v. Standard Steel Car Co. et al., 99 Pa. Superior Ct. 497, and in Marchuk v. Pittsburgh Term. Coal Corp., 106 Pa. Superior Ct. 249, that this amendment of 1927 was intended to and according to its terms does apply to cases in which claimants were injured previous to April 13, 1927. We are bound by and it is our duty to follow those decisions on this point. We therefore dismiss the point from consideration.

The other point involved in the appeal is as to the effect upon the correctness of the judgment, actually so applying this amendment in the cases above cited, of the Constitution of the United States. It is conceded that those two cases adjudged the amendment of 1927 to be constitutional as applying to a case such as this one, and that they rule the present case if they are to be followed upon the constitutional point raised; but it is most earnestly contended that the Superior Court erred in pronouncing this amendment valid, as applied to claimants who were injured before its enactment, because such application amounts to an impairment of preëxisting contract rights, in violation of the prohibition which the Federal Constitution makes against impairment of the obligations of contracts. The argument is that, under the compensation law, there became vested in the claimant, at the time of receiving his injury in 1923, certain contract rights, among which was the right, in the event that the partial disability which followed that injury should subsequently increase and develop into total disability, to apply for increased or additional compensation at any time within 500 weeks (the maximum period of compensation for total disability), so that at any time during the 200 weeks next following the close of the 300 weeks during which he was paid for partial disability he might make such an application, and the amendment of 1927, requiring such an application to be made by him within 1 year (52 weeks) next after the last payment made for the 300-week period, was an impairment of his vested contract rights, in violation of the Constitution of the United States, such as, under the decisions of the Federal Supreme Court, is not permitted to be done by a statute of a State; and that, as the decisions of that court are binding upon all State courts, whatever their rank, it is the duty of this court to follow them and disregard the decision of the constitutional question by the Superior Court.

The Superior Court itself has recognized in Dodge v. Adams Express Co., 54 Pa. Superior Ct. 422, 424, 425, the duty of subordinate State courts, when

the decisions of the Supreme Court (or other superior tribunal) of the State and those of the Supreme Court of the United States are in conflict upon a Federal question, to follow the latter. This duty exists when the fact of such a conflict is clear, distinct, and unquestionable. If, however, there is room for question as to the actual existence of such a conflict, we consider that the appropriate course for a subordinate State court to take would be not to undertake to overrule the decision of an appellate tribunal superior to itself, but to leave the question of whether the decision should be overruled, as being inconsistent with Federal decisions, to be passed upon by the higher court. Is it clear and beyond doubt that the decision made in DeJoseph v. Steel Car Co. and in Marchuk v. Coal Corp. is in conflict with the Federal Constitution, as interpreted by the Supreme Court of the United States?

It has been held that, when a contract explicitly stipulates that in a certain event a party shall have the right to resort to a specific remedy (as where a mortgage provides that after default for a specified time the mortgagee may institute a foreclosure suit), it would be an unconstitutional impairment of the contract to prevent him by subsequent action, whether legislative or judicial, from resorting to the remedy at the time so stipulated for: Galey v. Guffey, 248 Pa. 523. But the facts do not appear to bring the present case within that ruling.

Section 302 of The Workmen's Compensation Act of 1915 makes the provisions of article III a part of the contract of hiring. That article includes section 315, which requires that (unless compensation has been agreed upon) proceedings must, in cases of personal injury, have been brought before the board by a petition filed within 1 year after the accident but "where . . . payments of compensation have been made", then within 1 year from the making of the last payment. Petitions to modify awards are dealt with in article IV, relating to procedure (see section 426), which is not explicitly made a part of the contract.

The claimant takes the position, however, that as section 426 allows the presentation of a petition in the event of an increase of disability, without specifying a time within which it must be presented, the right so to petition at any time within 500 weeks was a remedy provided for in the law as it stood at the time when the claimant was employed, and at the time when he was injured in the course of his employment, and comes within the scope of statements made by the Federal Supreme Court that "the remedy subsisting in a State when and where a contract is made and is to be performed [for its enforcement] is a part of its obligation, and any subsequent law of the State which so affects that remedy as substantially to impair and lessen the value of the contract is forbidden by the Constitution, and is, therefore, void": Edwards v. Kearzey, 96 U. S. 595, 607.

In applying this rule, that the remedy must not be so altered or affected "as substantially to impair and lessen the value of the contract", the courts have recognized that it does not prevent a State from regulating procedure both as to past and future contracts, including a shortening of the periods within which claims may be barred, provided there is allowed a reasonable time in which to commence an action or proceeding before the bar of the statute will close down: See opinion of Taney, C. J., in Bronson v. Kinsie et al., 1 How. 311; Sohn v. Waterson, 17 Wall. 596; Korn v. Browne, 64 Pa. 55; Kenyon v. Stewart, 44 Pa. 179, 192. In Jackson v. Lamphire, 3 Pet. 280, 290, the court, speaking through Mr. Justice Baldwin, declared: "It is within the undoubted power of state legislatures to pass recording acts, by which the elder grantee shall be postponed to a younger, if the prior deed is not recorded within the limited

time; and the power is the same whether the deed is dated before or after the passage of the recording act. Though the effect of such a law is to render the prior deed fraudulent and void against a subsequent purchaser, it is not a law impairing the obligation of contracts; such too is the power to pass acts of limitations, and their effect. Reasons of sound policy have led to the general adoption of laws of both descriptions, and their validity cannot be questioned."

Of course it would be unconstitutional to pass a limitation act by the terms of which a preëxisting right of action would be barred immediately upon its enactment; but when the party has a reasonable time thereafter in which to proceed the legislation seems to be generally regarded as valid. Indeed the Supreme Court of the United States, in order to avoid having to declare State limitation acts unconstitutional, has adopted the rule of construing such statutes (when not precluded from so doing by decisions of the State courts) in such a way that, as affecting existing causes of action, the limitation is treated as commencing to run at the time when the statute takes effect, so that preexisting causes of action not already barred are treated as if accruing at the time of the enactment of the new statute: Sohn v. Waterson, 17 Wall. 596.

But it is not necessary in the present case to give the Act of 1927 that construction in order to reach the conclusion that it did not operate retrospectively upon a right of action previously accrued, so as not to give the claimant a reasonable time in which to file his petition. That the claimant's disability was partial only, down to the referee's order made May 11, 1929, is res judicata. (He was paid for partial disability to February 1, 1929.) Therefore, the increase to total disability, which is averred as the ground of his petition, occurred subsequent to the referee's order, and claimant's "right of action" (that is to say, his claim for compensation for total disability and the right to petition for a modification on that ground) did not arise, as an accrued and vested right, until 2 years after the Act of 1927 was passed; and by the force and effect of the act he had 1 year from February 1, 1927, in which to assert the claim.

Again: It would seem that it is not as of the date of employment, nor as of the date of the accident, but at the date when the results of the latter give rise to the asserted claim for compensation, that rights and liabilities are to be deemed so fixed that they cannot be altered by subsequent legislation. Thus when, between the date of the accident and the time of the resulting death of the workman, an act went into effect altering the compensation payable for death, it was held that such compensation should be paid in accordance with the new statute, because the right of action therefor was created by the death, which occurred after the statute had become effective: State ex rel. v. District Court of Hennepin County, 131 Minn. 96, 154 N. W. 661. In the instant case, as we have pointed out, it is conclusively adjudicated that the total disability, upon which the claimant founds the claim for additional compensation asserted by his petition, did not occur, and give rise to this claim, before sometime in the year 1929, at which time the Act of 1927 had been upon the statute book for at least 2 years; and thus, so far as applicable to this claim, the act cannot in a proper or reasonable sense be said to operate retrospectively as against it; there was no accrued and vested right of action for total disability at the date of the enactment, and the limitation did not begin to run against the claim now asserted until nearly 2 years thereafter.

In our judgment, it has not been demonstrated to be clear beyond question that the contract clause in the Federal Constitution invalidates the limitation

contained in the amendment of 1927 so far as it applies to the facts of this case. We think we ought to treat the principle laid down by Judge Keller in the DeJoseph case and reaffirmed in the Marchuk case as ruling the present one, and as requiring us to affirm the decisions of the compensation board.

And now, May 5, 1934, the decision of the Workmen's Compensation Board is affirmed, and the appeal therefrom is dismissed.

From Harry D. Hamilton, Washington, Pa.