## Commonwealth *v.* Conte, Appellant.

Argued October 28, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ. (RENO, J., absent).

*William Taylor, Jr.,* with him *Hayden C. Covington* and *Roy A. Swayze,* for appellant.

*Joseph D. Calhoun,* Assistant District Attorney, with him *William B. McClenachan, Jr.,* District Attorney, for appellee.

OPINION BY RHODES, J., January 27, 1944:

Defendant was convicted and sentenced by a justice of the peace in summary proceedings for a violation of the compulsory attendance provisions of the School Code, §1423 of the Act of May 18, 1911, P. L. 309, as amended by section 11 of the Act of July 1, 1937, P. L. 2560, 24 PS §1430. From the sentence imposed an appeal was allowed to the court of quarter sessions. After hearing, defendant was found guilty and sentenced by the court below. This appeal followed.

It appears from the agreed statement of facts that appellant is a member of the group known as Jehovah's Witnesses. He is the father of James Conte, age ten, and Dorothy Conte, age eight. They were in the fourth and second grades, respectively, of the Boothwyn School of the Upper Chichester District in Delaware County

at the times involved. Appellant's children refused to comply with the resolution of the Board of School Directors which required all pupils to salute the American flag at morning exercises. This customary salute is rendered in the following manner: By reciting: "I pledge allegiance to the flag of the United States of America and to the Republic for which it stands, one Nation indivisible, with liberty and justice for all," and by standing with the right hand over the heart; extending the right hand, palm upward, toward the flag at the words "to the flag" and holding this position until the end, when the hand drops to the side. The basis for the children's refusal to join in the flag ceremony was the religious belief entertained by Jehovah's Witnesses. They believe that the flag salute is idolatrous and incompatible with their interpretation of Exodus, Chap. 20, verses 4, 5, and 6.[1] The children believe that saluting the flag in the usual manner constitutes a violation of this portion of the Decalogue, and will cause their death in the Armageddon, which they believe is imminent. Appellant shares his children's belief, and instructs them in the belief of Jehovah's Witnesses and approves their attendance at weekly study groups of Jehovah's Witnesses. Following the children's unwillingness to salute the flag, they were sent home each day from the school by the school authorities. Appellant was thereupon charged upon information with violation of the School Code.

---

[1] "Thou shalt not make unto thee any graven image, or any likeness of any thing that is in heaven above, or that is in the earth beneath, or that is in the water under the earth:

"Thou shalt not bow down thyself to them, nor serve them: for I the Lord thy God am a jealous God, visiting the iniquity of the fathers upon the children unto the third and fourth generation of them that hate me;

"And shewing mercy unto thousands of them that love me, and keep my commandments."

The court below followed the case of *Minersville School District v. Gobitis,* 310 U. S. 586, 60 S. Ct. 1010, 84 L. Ed. 1375, 127 A.L.R. 1493, although its decision was subsequent to *West Virginia State Board of Education et al. v. Barnette et al.,* 319 U. S. 624, 63 S. Ct. 1178, 87 L. Ed. 1171, at page 1180, wherein it was said: "The decision of this Court in Minersville School Dist. v. Gobitis and the holdings of those few per curiam decisions which preceded and foreshadowed it are overruled ......"

On the appeal to this court the Commonwealth states that its position is based upon the dissenting opinion of Mr. Justice FRANKFURTER in the *Barnette* case. We do not think it behooves us, as the Commonwealth urges, "to give the United States Supreme Court an opportunity to reinstate its long established rule which required all in attendance at public schools to salute the National flag where the flag salute was part of the school ceremony." The *Barnette* case is controlling of the facts in the present case, and there is no legal ground that would justify us in disregarding the pronouncement of the Supreme Court of the United States. It is the final arbiter and final authority with respect to federal questions, and we are bound to follow its mandate. *Dodge v. Adams Express Co.,* 54 Pa. Superior Ct. 422; *Gasser v. Central R. Co. of New Jersey,* 112 Pa. Superior Ct. 420, 422, 171 A. 97; *Duquesne City v. Fincke,* 269 Pa. 112, 117, 112 A. 130. Therefore, regardless of any personal views we may entertain concerning the reasonableness or unreasonableness of appellant's position, we shall adhere to the last ruling of the United States Supreme Court.

In the majority opinion in the *Barnette* case, Mr. Justice JACKSON has clearly stated the court's position and its conclusion [319 U. S. 624, 63 S. Ct. 1178, 87 L. Ed. 1171, at pages 1179, 1180]: "The right of a State to regulate, for example, a public utility may well in-

clude, so far as the due process test is concerned, power to impose all of the restrictions which the legislature may have a 'rational basis' for adopting. But freedoms of speech and of press, of assembly, and of worship may not be infringed on such slender grounds. They are susceptible of restriction only to prevent grave and immediate danger to interests which the state may lawfully protect...... We think the action of the local authorities in compelling the flag salute and pledge transcends constitutional limitations on their power and invades the sphere of intellect and spirit which it is the purpose of the First Amendment to our Constitution to reserve from all official control."

The school authorities in the present case could not require appellant's children to participate in the prescribed flag salute. Their expulsion was consequently improper and unjustified, and appellant's prosecution and conviction for their alleged unlawful absence cannot be sustained. *State v. Davis et al.* (S. D.) 10 N. W. 2d 288.

Judgment is reversed.