## Commonwealth *v.* Crowley, Appellant.

Submitted October 28, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*H. A. Heilman, G. A. Walker, Roy A. Swayze* and *Hayden C. Covington,* for appellant.

*W. R. Ashe,* District Attorney and *S. H. McCain,* for appellee.

*William Taylor,* filed a brief as amicus curiae.

OPINION BY RHODES, J., January 27, 1944:

This case is similar to and is controlled by *Commonwealth v. Conte,* 154 Pa. Superior Ct. 112, 35 A. 2d 742. It came before the court below on appeal by defendant from sentence imposed by a justice of the peace on conviction in summary proceedings for violation of the compulsory attendance provisions of the School Code, §1423 of the Act of May 18, 1911, P. L. 309, as amended by section 11 of the Act of July 1, 1937, P. L. 2560, 24 PS §1430. The facts as stipulated are set forth in the opinion of the court below:

"Helen L. Crowley [the defendant] is the mother of two children, Mary Anne and Martha, age thirteen and nine years respectively. These children were duly enrolled in the Kiskiminitas Township schools, as students of such public school. As a part of the regular course of study the school authorities duly prescribed regulations requiring an oath of allegiance to be taken, and, at the same time, a salute to the American Flag, which regulations were approved by the State Board of Education. The children of the defendant refused to salute the American Flag, giving as their reason that they and their mother were members of a religious sect known as Jehovah's Witnesses, and that the commandments as recorded in the Bible forbid them to participate in such ceremony, and forbid them to salute the flag. The

children requested to be excused from such ceremony, basing this request solely upon their sincerely held convictions, as taught by their religion. The request was refused by the school authorities, and upon December 15, 1941, the children were expelled from the school, and ordered not to return until they agreed to participate in the flag salute ceremony." [1]

The judgment of the court below was rendered while the decision of the United States Supreme Court in *Minersville School District v. Gobitis*, 310 U. S. 586, 60 S. Ct. 1010, 84 L. Ed. 1375, 127 A.L.R. 1493, was still in effect, and it was proper that the court below based its judgment thereon. Since that time, and pending disposition of the appeal to this court, the decision in *West Virginia State Board of Education et al. v. Barnette et al.*, 319 U. S. 624, 63 S. Ct. 1178, 87 L. Ed. 1171, was rendered. We are of the opinion that to the facts of this case the Barnette decision is applicable, that the appeal must be sustained, and that the judgment of the lower court must be reversed.

Judgment is reversed.

---

[1] "Nor does the issue as we see it turn on one's possession of particular religious views or the sincerity with which they are held. While religion supplies respondents' motive for enduring the discomforts of making the issue in this case, many citizens who do not share these religious views hold such a compulsory rite to infringe constitutional liberty of the individual. It is not necessary to inquire whether nonconformist beliefs will exempt from the duty to salute unless we first find power to make the salute a legal duty": *West Virginia State Board of Education et al. v. Barnette et al.*, 319 U. S. 624, 63 Ct. 1178, 87 L. Ed. 1171, at pages 1176, 1177.