Spring Garden Township, Appellant *v.* Logan.

Submitted April 23, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Horace G. Ports,* of. *Fisher, Ports & May,* for appellant.

*T. F. Chrostwaite, W. Burg Anstine, James J. Logan* and *John T. Logan,* for appellee.

OPINION BY HIRT, J., July 23, 1942:

In this scire facias proceeding on a municipal lien, the trial resulted in a judgment for defendant. The plaintiff township, in this appeal, asserts that the lien is valid.

Plaintiff, a township of the first class in York County, by ordinance approved July 16, 1934, provided for the grading, curbing and paving of sections of Albemarle Street and Lancaster Avenue in a district which cannot be classified as rural. The ordinance authorized the construction of a macadam pavement of a uniform width of 30 feet in both sections of the improvement, with

curbing on both sides of each street, the cost of the improvements to be assessed according to the front-foot rule. The two streets affected run approximately parallel with each other and do not merge nor intersect at any point; the improvement on each was entirely separate and distinct from that on the other. Defendant owned land on each street; seven lots fronting 210 feet on Lancaster Avenue and five lots fronting 251 feet on Albemarle Street. A single assessment was made against all of his land abutting both improvements for the total cost of both pavements at the unit contract price and for all the curbing at its cost per lineal foot. The assessment included the proportionate cost of the grading of both streets lumped together, in the ratio of the frontage of all of his lots to the combined length of both improvements. The lien in question was entered upon the single assessment so computed. Lots of other owners with a frontage, in all, of 200 feet where curbing had been installed before this improvement, were not assessed for curbing. Another lot, owned by one of the township commissioners, with a frontage of 100 feet on Albemarle Street was wholly exempted from assessment for curbing, grading and paving. A pavement and curbing had been constructed in front of his lot, but only to the middle of the street (at the expense of the township) prior to the ordinance providing for the improvement of the remainder of Albemarle Street.

It is at once apparent that there were irregularities in the assessment and, therefore, in the lien. Some of them were validated by the Act of June 2, 1937, P. L. 1326 or other curative legislation; others, we think, were fatal. It is only where the omission to be remedied is an act which the legislature might have dispensed with by a prior statute that a curative statute may have retroactive effect. *Malicks' Petition,* 137 Pa. Superior Ct. 139, 8 A. 2d 494. "A municipality can impose a

valid municipal lien for street improvements only when the improvements are made in pursuance of law and the *mode* pointed out by the city ordinance is strictly followed. Such liens do not rest on any agreement or specific assent of the owner of the land charged with the burden, and the improvement is often [as here] against his wish. A clear right must, therefore, be shown by the municipality to justify such an act of sovereign power": *Scranton Sewer,* 213 Pa. 4, 62 A. 173.

This is especially true where the assessment is by the front-foot rule which is but a practical substitute for determination of actual benefits and an assessment by viewers. Where that method is adopted a property may be made subject to a lien only by the proper exercise of powers conferred upon the municipality. The lien falls if it results from an assumption of powers not possessed. Of the rule, it, perhaps, has been best said by RICE, P. J., in *Harrisburg v. McPherran,* 14 Pa. Superior Ct. 473, 489: "It is undisputed that the legislature may, in the exercise of the power of taxation, authorize municipal corporations to assess the cost of such improvement upon abutting properties, but their power is not without limitations. It has been held repeatedly by our Supreme Court that such assessments are sustainable only on the basis of special benefit, and the limit of the benefit is the limit of the taxing power. When this limit is exceeded, the assessment is not taxation, but confiscation, and, in many instances, such assessments have been declared invalid because this principle was violated. At the same time the court has uniformly held that the system is not, per se, a violation of any constitutional provision, as, for example, when it is applied to the laying of a sewer, or to the original paving of a street, in the built-up portion of a city or large town. This is so, not because the legislature has unlimited power absolutely and conclusively to determine what properties are specially benefited by

an improvement of that kind, but because such an improvement in such circumstances is manifestly a special benefit to the abutting properties. But when the property manifestly could not be peculiarly benefited, the courts of our state have not hesitated to declare that the assessment could not be sustained. The front-foot rule of assessment does not express a principle of taxation, but merely a convenient method, as was said in *Witman v. Reading,* 169 Pa. 375, the application of which by the legislature to such conditions as we have suggested has been sustained by the courts of this state, not upon the ground that it is a matter of legislative discretion purely, but because, as a practical adjustment of proportional benefits, it is under such circumstances a reasonably certain mode of arriving at a true result: *Washington Avenue,* 69 Pa. 352."

In the light of these principles, the lumping of the entire cost of both improvements and assessing the lots on each street with a proportionate cost of the improvement of the other street, invalidates the lien. This manner of assessment was more than a formal irregularity. The amount of the required grading on each of the two streets was not the same; 4340 yards of material were removed from Lancaster Avenue and 2134 yards—about one-half that amount—from Albemarle Street to conform with grades established by the engineer. The lots on Albemarle Street thus were made to bear a part of the cost of grading Lancaster Avenue. It is fundamental that the cost of improving one street of a municipality, in whole or in part, cannot be imposed upon properties fronting on another street, though in the same neighborhood. The legislature is without power to authorize the levy of a purely local tax, for general purposes. Local assessments can only be made for improvements which confer peculiar local benefits upon property *which adjoin the improvement.* In justifying any assessment for benefits it must be confined to the particular properties which do in fact abut directly

upon the line of the improvement. *Morewood Ave. Chambers's Appeal,* 159 Pa. 20, 28 A. 123; *Cooper v. Bellevue Borough,* 51 Pa. Superior Ct. 597. Unless the front-foot rule is so applied, reflecting an assessment according to the benefits conferred, it exceeds the legislative power of taxation. *Washington Ave.,* 69 Pa. 352. The Municipal Lien Act of May 16, 1923, P. L. 207, 53 PS 2031, which permits the filing of one lien against contiguous lots does not violate that principle but it does not aid the township in asserting the validity of a lien based upon a single assessment for two separate improvements.

Moreover, there is nothing in the record to show that the township paid for any part of the improvement. The roadway in each street was paved to its full width without State or county aid. Under the Act of June 24, 1931, P. L. 1206, §2060, 53 PS 19092, the township must be regarded as the owner of unassessable property and was obliged to pay the cost of paving street intersections.

Something might be said of the circumstances by which one of the township commissioners wholly escaped payment of his share of the cost of the improvement. It is a fair inference that the original cartway along his lot was at the grade later established by the engineer. When the general improvement was completed, his lot benefited by the whole improvement. The ordinance placed the cost *without exceptions,* upon owners abutting the improvement *"by equal assessment."* However, whether his lot must be regarded as abutting the improvement and liable to assessment under the rule of *Scranton v. Koehler,* 200 Pa. 126, 49 A. 792, is a question which we need not decide.

In this case there was no attempt on the part of the township to amend the lien to the extent authorized by the Act of May 16, 1923, P. L. 207, 53 PS 2054. Cf. *Allentown v. Ott,* 85 Pa. Superior Ct. 210. And under

its facts this is not a case in which the court may determine the amount actually due from the defendant (as in *Witman v. Reading City,* 169 Pa. 375, 32 A. 576) and enter judgment accordingly, thus attributing validity to the lien except as to the amount of the assessment.

It undoubtedly is the duty of the court to give effect to a lien where there has been substantial compliance with the law, recognizing that every citizen should bear his just share of taxes imposed. But where, as here, a municipality exceeds its powers, it is just as much our duty to declare the assessment invalid. *Harrisburg v. McPherran,* supra.

The judgment is affirmed.