**Whitemarsh Township Authority, Appellant, *v.* Poorman.**

Argued December 11, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*John P. Yatsko,* with him *Elmer L. Menges,* for appellant.

*Alonzo R. Horsey,* with him *Henderson, Wetherill & O'Hey,* for appellees.

OPINION BY ERVIN, J., March 19, 1963:

The facts and question involved in this appeal are clearly set forth in the opinion of the court below, as

follows: "In February of 1960, the defendants, Harold and Sarah Poorman, were the owners of a property located on Twynnwood Road in Whitemarsh Township. All of this property completely fronts on Twynnwood Road at a point where the said road arcs at a 90 degree angle so that the property fronts on both sides of this arc. This in effect gave defendants a greater frontage on Twynnwood Road than the ordinary property of this size. The Whitemarsh Township Authority assessed the property in the amount of $1,125.97 at the rate of $5.17 per foot for a total of 217.79 feet. This assessment took in the complete frontage on both sides of the curve on Twynnwood Road without any exemption due to the fact that the property was on this corner. The defendants in this action of Scire Facias Sur Municipal Claim contend that a property on such an arcing corner is entitled to a special corner assessment whereby 100 feet of this frontage will not be included in computing the assessment. They, therefore, conclude in their Affidavit of Defense that the assessment on their property should be reduced accordingly. The sole question in this case is whether the Whitemarsh Township Authority properly refused to give defendants' property the benefit of the 100 feet exemption."

Section 4 of the Municipality Authorities Act of 1945, P. L. 382, as amended, 53 PS §306 B(s), authorizes an authority "To charge the cost of construction of any sewer constructed by the Authority against the properties benefited, improved or accommodated thereby according to the foot front rule. Such charges shall be based upon the foot frontage of the properties so benefited, and shall be a lien against such properties. Such charges may be assessed and collected and such liens may be enforced in the manner provided by law for the assessment and collection of charges and the enforcement of liens of the municipality in which such Authority is located: . . . ."

Article XV, §1509, of The Second Class Township Code, being the Act of May 1, 1933, P. L. 103, as amended, 53 PS §66509, provides as follows: "The charge for any such sewer or drain construction in any township shall be assessed upon the properties accommodated or benefited, in either of the following methods:

"(a) By an assessment, pursuant to a resolution or ordinance of the board of supervisors, of each lot or piece of land in proportion to its frontage abutting on the sewer or drain, allowing such equitable reduction in the case of properties abutting on more than one sewer or drain as the resolution or ordinance may specify."

The Authority enacted a resolution, §4 of which provides: "Where any property shall be situate at the intersection of, or is otherwise adjacent to or adjoining more than one public street, road, alley or other public highway in which sewer lines shall be constructed, which sewer lines shall therefore pass in front of, or be contiguous to, more than one side of such property, the owner or owners of such accessible property, shall be assessed for the full frontage of one (if unequal in length, then the shortest) side of such property, which shall be known and designated as the front thereof, and shall be assessed for only such part of all other sides which exceeds one hundred (100) feet." The Authority denied the defendants an exemption. The court below by its order directed that the exemption should be allowed. The Authority then took this appeal.

We quote with approval what the court below so well said: "We are of the opinion that the plaintiff Authority should have assessed defendants' property in the manner provided in the resolution for the assessment of properties located at the intersection of two streets. Counsel for plaintiff contends that since

the property of defendants borders only on one street and one sewer, the exemption provisions of the resolution do not apply. We find this argument to be without merit.

"It is true that the resolution gives the exemption to a property that is 'adjoining more than one public street, etc.' But who is to say what constitutes 'more than one' street? Does the mere fact that different names are given to different sections of a street mean that there is more than one street? If we followed this reasoning that difference in names determines method of assessment, properties situated on the slightest curve may have 100 feet deducted from their frontage while others on a similar curve are assessed on their complete frontage merely because the appellations of the road vary. We do not believe that this is what was intended by the resolution.

"The resolution itself states: 'It is the intention of this Resolution to make equitable assessments against the assessable properties benefited, improved or accommodated by the sewer system according to the front foot rule . . .' It is clear from this statement that the purpose of this exemption was to make an equitable assessment of properties located at a corner (such as the one involved here) that have the same benefit of the sewer as neighboring properties its size but yet have almost twice as much front footage because of their particular location. It was for such property owners, regardless of the plurality of street names, that the exemption was given. Any other interpretation of this resolution would be directly in conflict with its stated purpose, i.e., to make an equitable assessment of the properties benefited.

. . .

"The plaintiff Authority also contends that in order for the defendants' property to be entitled to the 100 foot exemption, it must also abut on more than one

sewer line. For reasons already stated, we do not believe that such an interpretation would produce the equitable result intended by the exemption. Furthermore, the language of the ordinance does not support such an interpretation. The ordinance merely requires that the sewer lines be contiguous to more than one side of the property. They are so contiguous here. There is no requirement that there be two distinct sewer lines."

This opinion might well end here were it not for *Simon Appeal,* 408 Pa. 464, 184 A. 2d 695, which was filed on October 5, 1962, the opinion of the court below having been filed on January 24, 1962. The foot front rule is tolerated because it approximates an equitable distribution of the benefits: *Upper Moreland-Hatboro Joint Sewer Authority v. Pearson,* 190 Pa. Superior Ct. 107, 110, 111, 152 A. 2d 774. While the Municipality Authorities Act does not specifically authorize a corner exemption as does The Second Class Township Code, it does provide that "Such charges may be assessed and collected and such liens may be enforced in the manner provided by law for the assessment and collection of charges and the enforcement of liens of the municipality in which such Authority is located. . . ."

In *Simon Appeal,* supra, at page 472, our Supreme Court, in referring to this language, said: "The phrase 'in the manner' appearing in subsection (s) merely indicates that procedural rules set forth in the code of the local municipality are to be followed, but does not dictate that the substantive law governing the local municipality must be controlling. The substantive law governing the charges made by an Authority is contained in the rights given to it by the Legislature, its parent body, in the empowering statute, the Municipality Authorities Act." We do not believe that our Supreme Court, by the use of this language, intended to preclude an authority from granting a corner ex-

emption. An application of the foot front rule which does not reflect an equitable assessment of benefits is in excess of legislative power: *Harrisburg v. McPherran*, 14 Pa. Superior Ct. 473, 489, 490; *Spring Garden Twp. v. Logan*, 149 Pa. Superior Ct. 580, 583, 584, 27 A. 2d 419.

We therefore affirm the order of the court below.