**Upper Gwynedd Township Authority *v.*
Caltabiano et ux., Appellants.**

Argued September 16, 1965. Before ERVIN, P. J., WRIGHT, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (WATKINS and FLOOD, JJ., absent).

*David O. Williams,* with him *Landis & Williams,* for appellants.

*Samuel H. High, Jr.,* with him *High, Swartz, Roberts & Seidel,* for appellee.

OPINION BY ERVIN, P. J., November 10, 1965:

The single question presented by this appeal is whether a corner lot with a frontage on two streets may be assessed for a sewer constructed in both streets at the same time and under the same project, where an exemption of 100 feet is allowed on one of the streets and where the lot is zoned for a single residential use and where the residence on the lot is connected with the sewer by a single lateral in one of the streets. The court below entered judgment for the plaintiff on the municipal claim.

We have been unable to discover any cases in either of our appellate courts specifically disposing of this problem.

The property in question is located at the corner of Weber Road and Marlyn's Lane. The house constructed on the property faces Weber Road and is connected to the sewer line in that road. It is a single family dwelling and the lot contains approximately 30,000 square feet of land. The sewer authority assessed the property for 150 feet frontage on Weber Road and 100 feet frontage on Marlyn's Lane, after giving credit for an exemption of 100 feet on the latter highway.

The appellants argue that their property has not been benefited by the sewer line constructed in Marlyn's Lane. A property benefited by a municipal improvement cannot be subsequently assessed for a second improvement of the same character: *Vendetti Appeal*, 181 Pa. Superior Ct. 214, 124 A. 2d 448.

Only the frontage of a property actually abutting the sewer may be used in computing said property's share of the cost when the assessment is made according to the foot front rule: *Wilson v. Upper Moreland-Hatboro Joint Sewer Authority*, 183 Pa. Superior Ct. 588, 132 A. 2d 909, affirmed by the Supreme Court, 392 Pa. 245, 140 A. 2d 450.

There has always been an inherent limitation to any method of assessment for public improvements and that is, that there must be a benefit conferred upon the property so assessed: *Upper Moreland-Hatboro Joint Sewer Authority v. Pearson*, 190 Pa. Superior Ct. 107, 152 A. 2d 774. In the latter case it was held that where a property was connected to a sewer in the street along its front, no assessment could be levied for a sewer later constructed in the street abutting the rear property line.

The foot front method of apportionment is but a practical substitute for an actual assessment by a jury of view. It is not a principle of taxation but is merely a convenient method of practical adjustment of proportional benefits and it is allowable only because it

practically arrives at a correct result in adjusting the burden in accordance with the benefits. An application thereof which does not assess in accordance with benefits is in excess of legislative power: *Whitemarsh Township Authority v. Elwert*, 413 Pa. 329, 196 A. 2d 843. See also *Whitemarsh Township Authority v. Poorman*, 200 Pa. Superior Ct. 245, 188 A. 2d 853.

We are of the opinion that the judgment entered by the court below must be affirmed in the present case. The sewers in both streets were constructed at the same time under the same resolution and project. The sewers in both streets became available for use at the same time. The corner lot in question could have been connected with the sewer in either adjacent street. The mere fact that the owner elected to connect to the sewer in Weber Road is immaterial. The lot was benefited by the availability of the sewers in both abutting streets and the benefit from both sewers arose simultaneously. This is not a case where a lot has been benefited by the construction of a sewer in one street and then at some later time a second sewer was constructed in another abutting street. The present case is similar to the situation presented where three lots abut upon a sewer constructed in a street; one lot is 50 feet in width, another 100 feet in width and another 300 feet in width. Single connections are made from the residence on each one of the lots. It might be argued that each one received the same amount of benefit but it has been considered equitable to assess the 100-foot lot twice as much as the 50-foot lot and the 300-foot lot six times as much as the 50-foot lot. We can see no difference between that situation and the one in the present case.

Suppose only five feet of sewer line had been constructed in Weber Road in front of the subject property and 200 feet in Marlyn's Lane. Could the appellant, by connecting with the five-foot sewer in Weber

Road, obtain an assessment for five feet only and a 100-foot lot adjacent to his on Weber Road be obliged to pay for a 100-foot assessment merely because the sewer extended along the entire front of the adjacent lot. Such an apportionment of the cost would be highly inequitable and yet would result if an owner can control the same by connecting his property with the sewer in one street rather than in the other. It would be much more equitable, in our opinion, to assess him for the entire frontage on both streets, giving an exemption for 100 feet on one street. Corner lots are usually more valuable than inside lots and are therefore more able to bear an assessment than an inside lot.

Judgment affirmed.