Palmer Township Municipal Sewer Authority, Appellant *v.* Jack K. Witty and Janet L. Witty, Owner or Owners, or Apparent or Reputed Owner or Owners, or Whoever May Be the Owner or Owners, Appellees.

Argued April 5, 1976, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*David A. Franklin,* with him *F. Eugene Reader, Hugh F. Dougherty, III, Franklin S. Van Antwerpen,* and, of counsel, *Townsend, Elliott & Munson,* for appellants.

*Herbert Toff,* for appellees.

OPINION BY JUDGE BLATT, August 16, 1976:

This is an appeal from the decision and order of the Court of Common Pleas of Northampton County which, sitting en banc, affirmed the directed verdict entered by the trial court in favor of Jack L. Witty and Janet K. Witty (Wittys) and against the Palmer Township Municipal Sewer Authority (Sewer Authority). A municipal claim had been filed against the Wittys by the Sewer Authority in an attempt to collect $2,823.50 assessed for the construction of sanitary sewers in two streets abutting the Wittys' property, which fronts on Wedgewood Drive for a distance of 81.40 feet and extends 265 feet to the rear where it abuts Chain Dam Road for a distance of 200.95 feet.

On February 18, 1972, the Sewer Authority completed construction of two sewer lines running the full distance of the Wittys' property lines on both Wedgewood Drive and Chain Dam Road. The Wittys connected their residence to the closer sewer line on Wedgewood Drive, but it appears that the sewer line on Chain Dam Road was also available to serve the property at the time of their connection. The Sewer Authority, however, assessed the Wittys on a foot-

front basis for the sewer construction on both Wedgewood Drive and Chain Dam Road. When the Wittys tendered an amount sufficient to cover only the footage on the Wedgewood Drive, the Sewer Authority refused the tender and filed a municipal claim in the court below to collect the entire amount assessed for both sewer lines.

The trial court, after taking evidence, granted the Wittys' motion for a directed verdict, holding that no assessment could be recovered against them for construction of the sewer line in Chain Dam Road. Then, upon the motion of the Sewer Authority for judgment n.o.v., the court en banc denied the motion and affirmed the trial court. In so doing, it held that the sewer line on Chain Dam Road was not benefiting the Wittys' property and, therefore, construction costs there could not properly be assessed against them. This appeal followed.

It is well settled in the law that when a property is not benefited by the construction of a sewer line, our courts cannot sustain an assessment against the property for its construction. *Whitemarsh Township Authority v. Elwert,* 413 Pa. 329, 196 A.2d 843 (1964). The law presumes, however, that a property is benefited by the construction of an abutting sanitary sewer line unless the property owner proves the contrary. *Whitemarsh Township Authority, supra.* In the case of *Upper Moreland-Hatboro Joint Sewer Authority v. Pearson,* 190 Pa. Superior Ct. 107, 152 A.2d 774 (1959), it was held that a sewer constructed in the street abutting the rear of a property did not benefit the property once the property owner had proved that *the house situated on the property had already been connected to a previously constructed sewer line* abutting the front of the property line, and where it was shown that local zoning ordinances prevented building any other dwellings upon the lot which might be served by the

new sewer line. It is the contention of the parties that an analogous situation exists here, in that various deed restrictions and zoning ordinances prevent the building of an additional dwelling on the rear of the Wittys' property which might be served by the sewer line on Chain Dam Road, and that the presumption that their property was benefited by that sewer line is thereby rebutted.

Upon examination of the deed and ordinances, the lower court accepted the reasoning of the Wittys and granted their motion for a directed verdict. In our view, however, the deed restrictions and applicable ordinances are not the determining factors in this case and we will refrain, therefore, from commenting on whether or not they impose any restrictions upon the construction of additional dwellings on the Wittys' property. Much more significant, in our opinion, is the fact not noted by the court below and the parties involved, that the sewers in both Chain Dam Road and Wedgewood Drive were part of the same construction project and were both completed and available to serve the Wittys' property on February 18, 1972. The reason for assessing the property for the construction of both sewer lines in a case of this kind is well expressed in *Upper Gwynedd Township Authority v. Caltabiano,* 206 Pa. Superior Ct. 476, 479, 214 A.2d 288, 290 (1965) where two sewer lines were simultaneously constructed along both streets on which a corner lot fronted:

"The sewers in both streets were constructed at the same time under the same resolution and project. The sewers in both streets became available for use at the same time. The corner lot in question could have been connected with the sewer in either adjacent street. The mere fact that the owner elected to connect to the sewer in Weber Road is immaterial. The lot was benefited by the availability of the sewers in both abutting streets and the benefit from both sewers

arose simultaneously. This is not a case where a lot has been benefited by the construction of a sewer in one street and then at some later time a second sewer was constructed in another abutting street." *See also Highland Sewer and Water Authority v. Engelbach,* 208 Pa. Superior Ct. 1, 220 A. 2d 390 (1966).

The only substantial difference between the facts in *Caltabiano* and those in the case here involved is that sewer lines here were constructed on the streets abutting the front and rear of the property, instead of along the two street-sides of a corner lot as in *Caltabiano.* We, therefore, reverse the decision and order of the court below.

### ORDER

AND Now, this 16th day of August, 1976, the decision and order of the Court of Common Pleas of Northampton County is hereby reversed and the court below is hereby directed to enter judgment in favor of Palmer Township Municipal Sewer Authority and against Jack K. Witty and Janet L. Witty for the full amount due on the municipal claim filed in this case.

President Judge BOWMAN concurs in the result only.