Victor Detweiler and Kathryn Detweiler *v.* Derry Township Municipal Authority, Appellant.

Argued February 4, 1977, before Judges Crumlish, Jr., Wilkinson, Jr. and Mencer, sitting as a panel of three.

*Jerome T. Foerster,* with him *Cleckner & Fearen,* for appellant.

*C. Grainger Bowman,* with him *McNees, Wallace & Nurick,* for appellees.

OPINION BY JUDGE MENCER, March 16, 1977:

This case concerns the application of an assessment resolution which was adopted by Derry Township Municipal Authority (Authority) to defray the cost of constructing a sewer system. Under the resolution and examples attached thereto, ''property'' situated at the intersection of more than one street in which a sewer was constructed would be assessed not according to the front foot rule but rather according to an equitably adjusted formula.[1]

Victor and Kathryn Detweiler own property on the corner of Derry Road and McKinley Avenue. They use the entire property as one unit. However, when their property was assessed, it was treated as two separate properties. One parcel, on the corner, was assessed according to the equitably adjusted formula for corner property. The other parcel, contiguous with the first but fronted by Derry Road alone, was assessed according to the standard front foot rule. The two assessments totaled $3,324 and prompted the Detweilers to appeal the amount of the assessment.

The Detweilers' appeal was taken to the Court of Common Pleas of Dauphin County. Contending that what they owned and used as one property should in

---

[1] $A = L + S/4$, meaning that the assessed footage (A) equals the length of the longer side of the property fronted by a sewered street (L) plus one-quarter of the length of the shorter side fronted by a sewered street (S/4).

all fairness be assessed as one property, the Detweilers sought to have all their holdings assessed according to the equitably adjusted formula for corner property. They raised no issue of benefit or of the validity of the assessment; they merely contested the amount they were required to pay.

Authority, seeking to have its assessments sustained in their entirety, contended that the two parcels which comprise the Detweilers' holdings should be treated separately for assessment purposes. It suggested that because the property could be subdivided in the future it should be treated as presently subdivided. Authority further pointed out that the Detweilers' parcels, separate in the past, continue to be held by separate deeds executed at different times.

The lower court believed that all the Detweilers' property should be assessed as corner property. Accordingly, it directed Authority to reduce its claim by $1,014 to $2,310. Authority has appealed the matter to us. We affirm.

Whether all the Detweilers' property is corner property and therefore eligible for the equitably adjusted formula is the issue we must resolve. The term ''property'' is undefined in Authority's resolution, paragraph 2 of which states:

2. Where any *property* is situate at the intersection of or adjacent to or adjoining more than one street, alley, lane or other public highway in which a sewer main has been constructed, or where any property is of irregular shape, it is hereby resolved that the assessment of such property shall be determined in accordance with the standards set forth in the examples attached to this Resolution, made a part hereof by reference and marked Exhibit ''A'' [wherein the various formulas are set forth]. (Emphasis added.)

An examination of the entire resolution leads us to the conclusion that the Authority intended to assess those benefited by the construction of sewers in an equitable manner. In its recitations, the resolution contains the following language:

> [T]he Authority has presented to the Board of Township Supervisors of Derry Township . . . a petition . . . advising said Township of the Authority's intention to charge the cost of construction of said sewer mains against the properties benefitted, improved or accommodated thereby, according to the front foot rules where such rule may be lawfully and appropriately applied. . . .

Some property is given special treatment in paragraph 2, *supra*, of the resolution and exhibits attached thereto. The purpose of the special treatment is both to define how particular types of property will be assessed and to moderate the assessments of property which, because of its location or shape, cannot be fairly assessed by the front foot rule. Moreover, paragraph 3 goes on to state:

> 3. In addition to the equitable adjustments referred to in Paragraph 2 of this Resolution, the Authority shall have the right to make such further adjustments of assessments under this Resolution as shall be necessary to make each assessment equitable.

Thus the resolution evinces an intent to evaluate the particular circumstances involved in the assessment of each property and to assess each property in a manner fair to all concerned. Having determined this intent, we now consider the application of the resolution in light of that intent.[2]

---

[2] To learn and give effect to the legislative intention expressed in a statute or ordinance is the cardinal objective of construction. *Marple Township v. Lyman*, 151 Pa. Superior Ct. 288, 30 A.2d 208

The Detweilers own both parcels of land which together comprise the property at the southwest corner of Derry Road and McKinley Avenue. Significantly, they treat their holdings as a single unit, utilizing the property for their own residential purposes. We are aware of no authority which would, for the purpose of sewer assessment, support different treatment.[3] Nor are we aware of any prejudice to a concerned party which would follow from treating the Detweilers' property as a single corner property. Accordingly, we conclude that subdividing the Detweilers' property for assessment purposes is inappropriate and that assessing all their property as corner property is fair to all concerned. In order to give effect to the intent of the resolution, we hold that everything utilized by the Detweilers as corner property shall be assessed

---

(1943) ; *see* Statutory Construction Act of 1972, 1 Pa. C.S. §1921(a). An ordinance must be construed as an entirety, and the legislative intention that is contained within it must be determined accordingly, and not from a part thereof. *See Fidler v. Zoning Board of Adjustment*, 408 Pa. 260, 182 A.2d 692 (1962) ; 1 Pa. C.S. §1921(a). *See generally* 6 E. McQuillin, Law of Municipal Corporations §20.54 et seq. (3rd ed. 1969 & Supp. 1976). While we recognize that resolutions differ from ordinances, *see* 5 E. McQuillin, Law of Municipal Corporations §§15.02, 15.06 (3rd ed. 1969 & Supp. 1976), we nevertheless consider the foregoing principles to be persuasive.

[3] Authority suggests that the possibility of subdivision at some future time supports its decision to currently subdivide the Detweilers' property for assessment purposes. We note, however, that the possibility of subdivision is relevant where benefit to the property is contested. *See Township of Harborcreek v. Erie Drive-In Theatre Corp.*, 27 Pa. Commonwealth Ct. 294, 367 A.2d 348 (1976) ; *Upper Gwynedd Township v. Caltabiano*, 206 Pa. Superior Ct. 476, 214 A.2d 288 (1965) ; *Upper Moreland-Hatboro Joint Sewer Authority v. Pearson*, 190 Pa. Superior Ct. 107, 152 A.2d 774 (1959). Since the instant case deals not with whether a property has been benefited (and thus whether it may be assessed at all) but rather with the amount of the assessment, we do not believe the possibility of subdivision controls our decision.

as corner property. *Cf. Whitemarsh Township Authority v. Poorman,* 200 Pa. Superior Ct. 245, 188 A.2d 853 (1963) (whether corner exemption may be applied where sewered road arcs).[4]

Order affirmed.

## ORDER

AND Now, this 16th day of March, 1977, the order of the Court of Common Pleas of Dauphin County, directing Derry Township Municipal Authority to reduce its claim against the property of Victor and Kathryn Detweiler to $2,310, is hereby affirmed.

---

[4] If the property in question here would be subdivided or no longer utilized as a single property, then application of future assessment resolutions should be evaluated in light of such a development.