Exeter Township, Berks County, Authority, Appellant *v.* Musa J. Eways and Jeanette M. Eways, owners or reputed owners or whoever the owners may be, Appellees. (2 Cases)

Argued June 8, 1978, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Frederick L. Reigle,* with him *Samuel B. Russell,* and *Ryan, Russell & McConaghy,* for appellant.

*Clifford B. LePage,* with him *C. Wilson Austin,* and *Austin, Speicher, Boland, Connor & Giorgi,* for appellees.

OPINION BY JUDGE WILKINSON, JR., July 13, 1978:

Exeter Township Authority (Authority) appeals from an order of the Court of Common Pleas of Berks County, sitting en banc, which affirmed an adjudication by the trial judge entered in favor of the appellee-property-owners. Two municipal claims had been filed by the Authority, and were consolidated for trial and for argument here, in the amounts of $6,828.15 and $3,072.25 for work done in laying sanitary sewer lines in two roads abutting appellees' property.

These assessments were based on the "front-footage" method. We affirm.

The Pre-Trial Conference Order stipulated the issues to be tried, to wit: whether the neighborhood in which the subject property is located was predominantly rural in character at the time the assessments were levied and whether the sewer line in question was a benefit to the premises.

At a trial before the court, sitting without a jury, it was shown that (1) the appellees' property consists of 142.59 acres of land, mainly used for farming, which is located in an area of the township that consists largely of residential subdivisions; (2) the sanitary sewer line was constructed by the Authority in 1968 on the opposite sides of the farm, 779 feet on Lincoln Road, a paved state highway, and 350 feet on Nagle Road, a paved township road; and (3) that lateral lines (to connect to abutting property) were installed by the Authority for residential property opposite appellees' farm but none was placed to serve the property of the appellees. The only testimony was that of the appellee-property owner, a former township engineer who also testified as an expert witness. Appellee stated that it would cost approximately $9,000 to install laterals to serve his property and that prior permission would have to be obtained from the state and township to cut the surface of the roads.

The Authority pleaded surprise with regard to this testimony and moved to strike that portion relating to the laterals as not responsive to the pleadings. The trial court, however, allowed the testimony, but because of the Authority's plea scheduled a second hearing at which the Authority renewed its motion to strike but offered no rebuttal evidence. In its adjudication the trial court found that because laterals had not been constructed to serve the appellees' property it would

be inequitable to assess on a front footage basis. The court therefore entered a verdict for the property owners subject to the condition that the Authority could seek the appointment of a board of view to determine the value of the benefits conferred upon the property.

The Authority first contends that Section 4(B)(r) and (s) of the Municipality Authorities Act of 1945[1] gives it the power to assess by the front-foot method all property located in an urban area without regard to the individual benefit given a particular property. We believe this argument ignores well-stated case law to the contrary. As our Supreme Court noted in *Whitemarsh Township Authority v. Elwert,* 413 Pa. 329, 336, 196 A.2d 843, 847 (1964):

> The front foot method of apportionment is but a practical substitute for an actual assessment by a jury of view. It . . . is merely a convenient method of practical adjustment of proportional benefits and it is allowable only because it practically arrives at a correct result in adjusting the burden according to the benefits. An application thereof which does not reflect an assessment according to benefits is in excess of legislative power.

Thus, an assessment made on a front footage basis without regard for the benefits conferred on the property, even where the property is located in an urban area, is invalid. *See Palmer Township Municipal Sewer Authority v. Witty,* Pa. , 388 A.2d 306 (No. 140 January Term, 1977, filed June 2, 1978) and *Upper Moreland-Hatboro Joint Sewer Authority v. Pearson,* 190 Pa. Superior Ct. 107, 152 A.2d 774 (1959).

It is true, as the Authority contends in its second issue for review, that there is a rebuttable presump-

---

[1] Act of May 2, 1945, P.L. 382, *as amended,* 53 P.S. §306B(r) and (s).

tion of benefit to an abutting property owner when sewer lines are constructed by an authority and that the burden to rebut this presumption rests with the property owner. *See Township of Harborcreek v. Erie Drive-In Theatre Corp.,* 27 Pa. Commonwealth Ct. 294, 367 A.2d 348 (1976); *Palmer Township Municipal Sewer Authority v. Witty,* 26 Pa. Commonwealth Ct. 117, 362 A.2d 1106 (1976), *rev'd on other grounds, supra.* However, in this case the issue is not that no benefit had been conferred on the property (in fact the court found to the contrary and concluded the construction of the sewer line might have benefited the property), but rather the method to be used to assess the benefits. We believe there was sufficient evidence presented, not contradicted or rebutted by the Authority, that the assessment by the front footage method exceeds the benefits to the property.[2] *See Wilson v. Upper Moreland Hatboro Joint Sewer Authority,* 183 Pa. Superior Ct. 588, 132 A.2d 909 (1957), *aff'd per curiam,* 392 Pa. 245, 140 A.2d 450 (1958).

A final argument advanced by the Authority for reversal is that the trial court erred admitting testimony regarding the existence of lateral lines and cost of installing laterals to serve the appellees' property because this evidence was outside the scope of facts

---

[2] This evidence was in the nature of testimony by the appellee property owner that the cost of installing a lateral to the existing sewers on the two roads would be roughly three times the cost of such laterals had they been put in place at the time of the initial construction. Mr. Eways further testified that in his experience as an engineer the Authority bore the cost of laterals installed at the time of the main line while the property owner was required to pay for costs to "cut" into the line to install a lateral at a later time. Following the introduction of this evidence the Authority declined an offer to stipulate that the Authority would be either wholly or partly responsible for the construction of any lateral to serve the appellees' property.

alleged in the appellees' Affidavit of Defense. This argument is also without merit. The ruling of the trial judge to allow the testimony as relevant to the issue of benefit to the land was equivalent to an amendment of the appellees' affidavit; the Authority pleaded surprise and was granted a second hearing to present its own evidence on the issue. Refusal to strike this testimony is not, under such circumstances, error. *Pittsburgh Forge & Iron Co. v. Dravo Contracting Co.*, 272 Pa. 118, 116 A. 147 (1922).

Lastly, since the trial court found in favor of the Authority in determining that the property of appellees was in a predominantly urban area, we need not address the Authority's allegation of error in this regard.

Accordingly, we will enter the following

ORDER

AND Now, July 13, 1978, the order of the Court of Common Pleas of Berks County, at Nos. 66 and 67 December Term 1973, dated October 27, 1976, is hereby affirmed.