Pace Motels, Inc. and Faxon Construction Co., Appellants *v.* Township of Loyalsock, Appellee.

Argued September 14, 1979, before Judges MEN-
CER, BLATT and MACPHAIL, sitting as a panel of three.

*Norman M. Lubin*, with him *Casale & Bonner*, for appellants.

*Lester L. Greevy*, with him *Greevy, Greevy & Greevy*, for appellee.

*Richard H. Wix, Bernadette Barattini*, and *Wix, Wenger & Weidner*, for amicus curiae, Pennsylvania State Association of Township Supervisors.

OPINION BY JUDGE MENCER, December 7, 1979:

Pace Motels, Inc., and Faxon Construction Co. (petitioners) appeal an order of the Court of Common Pleas of Lycoming County, granting a judgment n.o.v.

in favor of the Township of Loyalsock (Loyalsock). We reverse.

Petitioners appealed assessments levied by Loyalsock for the cost of a sidewalk constructed on petitioners' property. The assessments were levied pursuant to Section 1402(b) of The Second Class Township Code (Code), Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. §66402(b), which provides, in pertinent part:

> Whenever any sidewalks or curbs are constructed by the supervisors pursuant to such ordinance, the expense of the construction of such sidewalks or curbs shall be paid by the abutting property owners in proportion to their frontage, but in no such instance shall any abutting property owner be liable for the construction of such sidewalk in an amount greater than ten percent . . . of the assessed valuation of the abutting property owned by him.

Petitioners alleged that the assessment was invalid because their property was not specially benefited by the construction. Loyalsock moved for judgment on the pleadings, claiming that a special benefit was not required under the statute. The lower court, holding that a special benefit was necessary, denied Loyalsock's motion, and the case went to trial. The jury found that petitioners' property was not specially benefited and returned a verdict in favor of petitioners.

Loyalsock subsequently asked the court to reconsider its earlier ruling and moved for judgment n.o.v. Upon reconsideration by the court, this judgment n.o.v. was granted on the ground that a special benefit was not expressly required by the statute. Petitioners' appeal to this court followed.

It is a well-settled rule of law that, in order for a local assessment to be imposed upon a property owner, a special benefit must be conferred upon the property.

*Village of Norwood v. Baker,* 172 U.S. 269 (1898); *Palmer Township Municipal Sewer Authority v. Witty,* 479 Pa. 240, 388 A.2d 306 (1978); *Allegheny City v. Railroad Co.,* 138 Pa. 375, 21 A. 763 (1891); *Mt. Pleasant Borough v. Railroad Co.,* 138 Pa. 365, 20 A. 1052 (1891); *Upper Gwynedd Township Authority v. Caltabiano,* 206 Pa. Superior Ct. 476, 214 A.2d 288 (1965); *Spring Garden Township v. Logan,* 149 Pa. Superior Ct. 580, 27 A.2d 419 (1942); *Upper Merion Township v. Stewart,* 42 Pa. D. & C. 2d 503 (C.P. Montg. 1967).[1] In *Hammett v. Philadelphia,* 65 Pa. 146, 153 (1870), our Supreme Court explained the rationale for the rule:

> Whenever a local assessment upon an individual is not grounded upon, and measured by, the extent of his particular benefit, it is, *pro-tanto,* a taking of his private property for public use without any provision for compensation.

Therefore, if the statute does not provide for an assessment based upon special benefit, it must be considered constitutionally defective and invalid. Although the lower court decided that Section 1402(b) does not require a special benefit, we find otherwise.

Based upon the rules of statutory construction that (1) the legislature, in enacting a statute, does not intend to violate the Constitution, 1 Pa. C.S. §1922(3), and (2) we must construe a statute to be constitutional if it is fairly possible to do so, *Commonwealth v. MacDonald,* 464 Pa. 435, 347 A.2d 290, *cert. denied,* 429 U.S. 816 (1976), we are satisfied that when the legislature provided in Section 1402(b) that assessments be made on a foot-frontage basis, which approximates

---

[1] The lower court, in its opinion granting the judgment n.o.v., impliedly admitted as much in its attempt to distinguish *Stewart.* The court recognized that, where all reasonable persons agree that a sidewalk does not improve the property, then the property owner may challenge the assessment.

an equitable distribution of the special benefit to the property, they contemplated the need for a special benefit to the property in order to sustain the assessment. *Harrisburg v. McPherran,* 14 Pa. Superior Ct. 473 (1900).[2] Thus, since the jury found, on substantial evidence, that petitioners' property was not specially benefited by the sidewalk, as required by both the Constitution and Section 1402(b), we find that the assessment is invalid and that the judgment n.o.v. was improper.[3]

Loyalsock argues, however, that a special benefit is not required because Section 1402(b) was passed pursuant to the police power and not the taxing power.[4]

---

[2] In *Whitemarsh Twp. v. Poorman,* 200 Pa. Superior Ct. 245, 250-51, 188 A.2d 853, 855 (1963), the Court noted: "The foot front rule is tolerated because it approximates an equitable distribution of the benefits. . . An application of the foot front rule which does not reflect an equitable assessment of benefits is in excess of legislative power. . . ." (Citations omitted.) *See also Exeter Twp. v. Eways,* 36 Pa. Commonwealth Ct. 530, 388 A.2d 1131 (1978).

[3] Whether or not a special benefit is conferred upon the property by the improvement is a question of fact for the jury. 14 E. McQuillin, *Municipal Corporations* §38.37 (3d rev. ed. 1970). Although there is a *presumption* that the property is benefited, this presumption may be rebutted *Upper Moreland-Hatboro Jt. Sewer Auth. v. Pearson,* 190 Pa. Superior Ct. 107, 152 A.2d 774 (1959) ; *Emmaus Sewer Auth. v. Lukas,* 37 Leh. L.J. 274 (1966).

[4] Loyalsock cites *Wilkinsburg Bor. v. Home for Aged Women,* 131 Pa. 109 (1890), *Sweigart v. Bor. of Ephrata,* 21 Pa. Commonwealth Ct. 280, 344 A.2d 766 (1975), and *Canton Bor. v. Williams,* 67 Pa. Superior Ct. 239 (1917), to support its position. They are distinguishable, though, in that they all dealt with the threshold question of the *power* of the municipality to impose the assessment and not the method by which the assessment is made. None of these cases raised the issue of special benefit. None of the property owners argued that the sidewalks did not benefit the property. The only issue discussed was the ability or authority of the municipality to impose an assessment for sidewalk construction.

The concern with the police power in the instant case, then, appears to be misplaced. The issue here is not whether Loyalsock has

We disagree. The United States Supreme Court, after an exhausive review of the authorities, concluded that "the assessment of the abutting property for the cost and expense . . . [is] an exercise of the power of taxation." *Village of Norwood v. Baker, supra* at 277. Likewise, our Supreme Court, in *Hammett v. Philadelphia, supra,* reasoned: "[T]he power of assessing the cost of local improvements upon the properties benefited . . . is a species of taxation. . . ." 65 Pa. at 150. *See also Southwest Delaware County Municipal Authority v. Aston Township,* 413 Pa. 526, 198 A.2d 867 (1964); *Philadelphia v. United States Housing Corp.,* 280 Pa. 417, 124 A. 669 (1924); *Franklin v. Hancock,* 204 Pa. 110, 53 A. 644 (1902); *Meadville City v. Odd Fellows' Home,* 128 Pa. Superior Ct. 180, 193 A. 662 (1937).

Loyalsock also argues that, on policy grounds, a special benefit should not be required because it would discourage public improvements of this type. Again we disagree, for it is desirable, on policy grounds, to require municipal authorities to exercise care and caution before randomly embarking on curbing and sidewalk improvements. Moreover, we cannot say that the effect envisioned by Loyalsock outweighs the policy of the protection of private property, which underlies the constitutional requirement of a special benefit. *Village of Norwood v. Baker, supra; Hammett v. Philadelphia, supra.* Nor can we say that public improvement projects of this nature have in fact been dis-

---

the power to impose assessments *generally* on the citizens for public improvements; rather, we are concerned with the ability of Loyalsock to impose assessments on an *individual* property owner for constructing what is arguably a *public* improvement. That ability, we have concluded, is limited by a requirement of special benefit. *See Village of Norwood v. Baker, supra; Hammet v. Philadelphia, supra; Harrisburg v. McPherran, supra; Upper Merion Twp. v. Stewart, supra.*

566

couraged by this long-standing requirement of a special benefit.

Order reversed and case remanded.

ORDER

AND Now, this 7th day of December, 1979, the order of the Court of Common Pleas of Lycoming County, dated July 27, 1978, granting judgment n.o.v., is hereby reversed, and the above captioned case is remanded to the Court of Common Pleas of Lycoming County for entry of judgment in accordance with the jury verdict.