William J. Roper, Appellant v. Borough of Versailles, Appellee.

Argued May 7, 1981, before President Judge CRUMLISH, JR. and Judges ROGERS and BLATT, sitting as a panel of three.

John A. Bacharach, Girman & Bacharach, for appellant.

Arnold V. Plum, for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, November 12, 1981:

William J. Roper appeals an Allegheny County Common Pleas Court order upholding his employment termination as a part-time police officer by the Borough of Versailles. We affirm.

On January 7, 1980, the Versailles Borough Council passed and recorded this resolution:

[T]o nominate the retention of all existing part-time police, subject to the condition [that] they continue employment with the Versailles Borough police department alone.

On January 17, 1980, Roper was informed by the Chairman of the Police Committee and Versailles's Chief of Police of the Council action.[1] Roper, however, continued in the employ of Lincoln Borough as a part-time police officer and was notified in writing by the Police Committee Chairman that he was through in Versailles.

Roper contends that the resolution on its face barred all outside employment of the Borough's part-

---

[1] At the time, Roper and two other part-time Borough police officers were employed by other municipalities as part-time police officers. In the wake of the January 7th motion, the two other part-time police officers terminated their employment with the other municipalities.

time police officers, and therefore asserts that the application of the resolution against him is discriminatory since other part-time policemen employed by Versailles were not dismissed although they maintained other non-municipal employment.[2]

As always, we are called upon to ascertain and effectuate the intent of the legislative body to obtain a result which is neither absurd nor unreasonable. *Valley Forge Industries, Inc. v. Ormand Construction, Inc.*, 38 Pa. Commonwealth Ct. 600, 606, 394 A.2d 677, 678 (1978).

In considering the Resolution passed and the contemporaneous discussion accompanying it, we are satisfied that the focus of the Borough Council's action was to prevent additional outside part-time police responsibilities and not to restrict all part-time activity by its policemen. To interpret the Borough's motion otherwise would be unreasonable and, by its Council's admission, unrealistic.

The Borough's intention is clear and will be given due effect.[3] Affirmed.

## ORDER

The Allegheny County Court of Common Pleas order, dated September 15, 1980, No. SA 822 of 1980, is affirmed.

---

[2] Roper cites, as authority, the Statutory Construction Act of 1972, 1 Pa. C.S. §1501. Although the Statutory Construction Act is not strictly applicable to the interpretation of municipal ordinances, *Exton Quarries, Inc. v. Zoning Board of Adjustment*, 425 Pa. 43, 49, 228 A.2d 169, 174 (1967), we have applied the principles enumerated in the Act to interpret ordinances and resolutions. *Detweiler v. Derry Township Municipal Authority*, 29 Pa. Commonwealth Ct. 277, 280-81 n. 2, 370 A.2d 810, 812, n. 2 (1977).

[3] We need not address Roper's contention that the policy was selectively enforced since Roper was the only part-time police officer who refused to comply with the mandate.