DISSENTING OPINION BY
JUDGE COVEY
I respectfully dissent from the Majority’s conclusion that “the [portion of the Philadelphia Code known as the Philadelphia Beverage Tax (]PBT[)[1]] does not violate the duplicative-tax prohibition in [the statute commonly referred to as] the Sterling Act[2] or encroach upon a field preempted by the [Commonwealth’s tax on *597 the retail sale of soft drinks QSales Tax[)[3]] because the [PBT and' the Sales T]ax[ ] do not share the same incidence and merely have related subjects.” Majority Op. at 588 (emphasis added).
While I acknowledge that the PBT does not appear to be duplicative of the Sales Tax because it is' not explicitly labeled a retail sales'tax, the Majority ignores that the PBT is only triggered when there is a retail sale involved. The Majority states: “[A] tax’s ‘operation or incidence’ refers to the substantive text of the ordinance and does not concern the post-tax economic actions of private actors in response to the imposition of the PBT.” Majority Op. at 586. A review of the PBT in its entirety reveals that it is in fact duplicative of the Sales Tax. “To learn and give effect to the legislative intention expressed in a statute or ordinance is the cardinal objective of construction. An ordinance must be construed as an entirety, and the legislative intention that is contained within it must be determined accordingly, and not from a part thereof.” Detweiler v. Derry Tivp. Mun. Auth., 29 Pa.Cmwlth. 277, 370 A.2d 810, 812 n.2 (1977) (emphasis added; citations omitted); see also Snyder Bros., Inc. v. Pa. Pub. Util. Comm’n, 157 A.3d 1018 (Pa.Cmwlth. 2017).
When considering the relevant portions of the PBT and the Pennsylvania Tax Reform Code of 1971 (Tax Code),[4] it is important to be mindful of what constitutes a “tax.” “Tax” is defined as: “A charge, usu[ally] monetary, imposed by the gov-ernnjent on persons, entities, transactions, or property to yield public revenue. Most broadly, the term embraces all governmental impositions on the person, property, privileges, occupations, and enjoyment of the people, and includes duties, imposts, and excises.” Black’s Law Dictionary 1594 (9th ed. 2009) (emphasis added).
Section 202(a) of the Tax Code provides:
There is hereby imposed upon each separate sale at retail of tangible personal property or services, as defined herein, within this Commonwealth a tax of six per cent of the purchase price, which tax shall be collected by the vendor from the purchaser, and shall be paid over to the Commonwealth as herein provided.
72 P.S. § 7202(a) (emphasis added). Section 19-4103(1) of the PBT mandates:
a tax is imposed upon each of the following: the supply of any sugar-sweetened beverage to a dealer; the acquisition of any sugar-sweetened beverage by a dealer; the delivery to a dealer in the City [of Philadelphia (City) ] of any sugar-sweetened beverage; and the transport of any sugar-sweetened beverage into the City by a dealer. The tax is imposed only when the supply, acquisition, delivery or transport is for the purpose of the dealer’s holding out for retail sale within the City the sugar-sweetened beverage or any beverage produced therefrom. The tax is to be paid as provided in [Section 4105 of the PBT, Phila. Code] § 19-4105 (liability for payment of tax) and [Section 4107 of the PBT, Phila. Code] § 19-4107 (waivers). .
Phila. Code § 19-4103(1) (italic and bold emphasis added). Section 19-4105(1) of the PBT states: “The tax shall be paid to the City by the registered distributor; and the dealer shall not be liable to the City *598 for payment of the tax; so long as the registered distributor has received from the dealer notification ... that the recipient is a dealer.” Phila: Code § 19-4105(1) (emphasis added).
However, the PBT defines a dealer as: “Any person éngaged in the business of selling sugar-sweetened beverage for retail sale within the City, including but not limited to restaurants; retail stores; street vendors; owners and operators of vending machines; and distributors who engage in retail sales [,] ” and distributor as: “Any person who supplies sugar-sweetened beverage to a dealer.” Phila. Code § 19-4101(1), (2) (italic and bold emphasis added). Section 19-4102 of the PBT further declares:
,(1) No dealer may sell at retail, or hold out or display for sale at retail, any sugar-sweetened beverage acquired by the dealer on or after January 1, 2017, unless:
(a) The sugar-sweetened beverage was acquired by the dealer from a registered distributor; and
(b) The dealer has complied with the notification requirements of [Section 19-4104 of the PBT, Phila. Code] § 19-4104; and received, confirmation from the registered distributor of such notification, as well as confirmation that the distributor is a registered distributor, all in form prescribed by the Department.
Phila. Code § 19-4102 (italic and bold emphasis added). Thus, a distributor is only taxed if the sugar-sweetened beverage is held out for retail sale, and no dealer-can sell a sugar-sweetened beverage at retail unless the tax has been paid.
In interpreting the ordinance as a whole, like we must, its entire underpinning is the retail sale mandate. The PBT contains only eight sections; one section provides definitions, one speaks to administration and one refers to waivers. Each of the remaining five sections states that the tax can only be imposed in relation to the retail sale of sugar-sweetened beverages. Accordingly, the PBT implicates both supply and sale at retail, making the PBT a duplica-tive tax.
Relevantly, the Majority focuses on the fact that the distributor is taxed; thus, isolating the incidence ,of the.tax to the distribution. However, Section 19-4105(4) of the PBT provides:
In the event a court of competent jurisdiction rules in a decision from which no further appeal lies that any portion of this Chapter cannot be applied to a distributor with respect to any transaction or class of transactions, then any dealer that holds out for retail sale in the City sugar-sweetened beverages supplied through those transactions shall be liable to the City for the tax on those sugar-sweetened beverages.
Phila. Code § 19-4105(4) (italic and bold emphasis added). In addition, if the dealer does not provide the distributor the required notice, the dealer is liable to pay the tax. See Phila. Code § 19-4105. Moreover, Section 19-4107(1) of the PBT states:
Upon a showing of extraordinary circumstances, where distribution channels would make purchase of sugar-sweetened beverage from a registered distributor substantially impracticable, the Department, in its discretion, may grant a full or partial waiver to a dealer from the provisions of [Section 4102(1) of the PBT, Phila. Code] § 19-4102(1). In such case, as well as during the pendency of any application for waiver under this subsection, the tax shall be paid directly by the dealer to the Department, in such manner and using such forms as the Department shall prescribe. The Department may require an annual demonstration of con *599 tinuing extraordinary circumstances in order to continue a waiver.
Phila; Code § 19-4107(1) (emphasis added). Finally, Section 19-4103(1) of the PBT clearly states that the liability for payment of the tax, and thus, the target of the tax is the “dealer’s holding out for retail sale.” Phila. Code § 19-4103(1). Section 19-4105 of the PBT reads, in pertinent part: .
(1) The tax shall be paid to the City by the registered distributor; and the dealer shall not be liable to the City for payment of the tax; so long as the registered distributor has received from the dealer notification pursuant to § 19-4104(1) that the recipient is a dealer.
(2) In addition to any penalties provided hereunder, a dealer who fails to provide the notification required by §. 19—4104(1); and a dealer who sells at retail, or holds out or displays for sale at retail, any sugar-sweetened beverage in violation of § 19-4102(1), shall be liable to the City for payment of any tax owing under this Chapter, and shall file returns with the Department in form prescribed by the Department.
Phila. Code § 19-4105 (italic and bold emphasis added). In the same vein of capturing the tax when the sugar-sweetened beverage is intended for retail sale, Section 19-4108 of the PBT mandates:
In addition to any other penalties provided under this Title, a violation of [Section] 19-4102(1) [of the PBT] (sale of product purchased frorn other than a registered distributor or without proper notification to a registered distributor) shall constitute a Class II Offense under 1-109; and each separate sale, transaction or delivery shall constitute a separate offense.
Phila. Code § 19-4108 (emphasis added). Thus, the clear wording of the PBT evidences that .the “distributor” is not in fact the target of the tax. Contrary to the Majority’s conclusion that the PBT is a “distribution” tax, the PBT is a tax imposed only where the sugar-sweetened beverage is sold or intended to be sold at retail,.and the PBT is imposed regardless of whether there is a distributor involved. Majority Op..at 588 (emphasis added). Consequently, the “distribution” is not the tax incidence as the Majority concludes. Id.
The Majority cites “Example 11 of the Regulations” (wherein a distributor is entitled to “a credit or refund” if sugar-sweetened beverages were purchased by the dealer with the intent to sell in the City but the beverages were actually sold outside of the City), to support its position that the existence of the refund does not make it a duplicative tax. Majority Op. at 587-88 n.18. However, that example buttresses the Dissent’s position, i.e., no retail sale in the City equals no tax. Given that the tax will force retailers to sell sugar-sweetened beverages outside the City because of thé PBT, the scenario in Example 11 is actually more likely than not. When a retailer cannot move his sugar-sweetened beverages in the City and is driven to sell them outside the City, the City will not get the tax (because the distributor will get a refund), just as no retail sales tax will be obtained if the beverages are not sold.
Importantly, unlike the ordinances .reviewed in the cases cited by the Majority, the PBT is only triggered when a retail sale is involved, making this a case of first impression. See Gurley v. Rhoden, 421 U.S. 200, 95 S.Ct. 1605, 44 L.Ed.2d 110 (1975); John Wanamaker v. Sch. Dist. of Phila., 441 Pa. 567, 274 A.2d 524 (1971); Blauner’s v. City of Phila., 330 Pa. 342, 198 A. 889 (1938); Provident Mutual Life Ins. Co. v. Tax Review Bd., 750 A.2d 942 (Pa.Cmwlth. 2000); Pocono Downs, Inc. v. *600 Catasauqua Area Sch. Dist., 669 A.2d 500 (Pa. Cmwlth. 1996).
United Tavern Owners of Philadelphia v. School District of Philadelphia, 441 Pa. 274, 272 A.2d 868 (1971), is the only case that cannot be distinguished from the facts of the instant matter. Although as the Majority notes: “United Tavern, ... [is a] plurality opinion [that] has never been adopted by a majority of the Supreme Court[,]” it has never been overruled and remains good law. Majority Op. at 589 n.20. As in the present case, it was argued in United Tavern
that the ordinance in question does not violate the preemption provision of the Sterling Act because it is imposed on a different transaction than that on which the two state taxes are imposed. According to this argument^] the local tax would be imposed on the transaction between the holder of the retail liquor license, i.e., the owner of the hotel or bar, and the consumer, whereas the state taxes are imposed on the transaction between the holder of the liquor license and his distributor, the state liquor store.
Id. at 873 (emphasis added). The Court rejected that argument, holding:
We do not accept this view. [It is] our view, the state taxes on liquor are classic sales taxes. The only reason that the definition of sales in the case of liquor is different from the definition with regard to other items covered by the sales tax is because the existence of a statewide system of state-operated distribution centers for liquor made it possible to assure effective collection of the tax by imposing the tax on the sale at the state store.
Id. While the case before us does not involve liquor, it does involve taxing the distributor “to assure effective collection of the tax[.]” Id. As in United Tavern, the imposition of the tax on the distributor does not change the nature of what is, in essence, a sales tax.
“[Preliminary objections shall only be sustained when they are free and clear from doubt.” Petty v. Hosp. Serv. Ass’n of N.E. Pa., 967 A.2d 439, 443 n.7 (Pa. Cmwlth. 2009) (emphasis added), aff'd, 611 Pa. 119, 23 A.3d 1004 (2011). Our Supreme Court has declared:
As [a] taxing statute[ ], [the PBT] must be strictly construed against the government, and any doubt or ambiguity in the interpretation of their terms must, therefore, be resolved in favor of the taxpayer. 1 Pa.C,S.[] § 1928; Skepton v. Borough of Wilson, 562 Pa. 344, 755 A.2d 1267, 1270 (2000).
Tech One Assocs. v. Bd. of Prop. Assessment, Appeals & Review of Allegheny Cnty., 617 Pa. 439, 53 A.3d 685, 696 (2012) (emphasis added).
Construing the PBT against the government as mandated, I would hold that the Commonwealth has preempted the field through the Sales Tax, and the PBT is invalid under the Sterling Act. Further, given that this matter is an issue of first impression and the obvious doubt as demonstrated by the numerous positions presented, the determination of whether the PBT is invalid under the Sterling Act is not “free and clear from doubt,” and therefore, the preliminary objections to Counts I and II of Appellants’ Complaint should be overruled.[5] Petty, 967 A.2d at *601 443 n.7 (emphasis added). This result is especially true here where the Majority does not cite with certainty to any legal authority squarely on point.
For all of the above reasons, I would reverse the trial court’s order sustaining Appellees’ preliminary objections and dismissing Appellants’ Complaint, and remand the matter to the trial court for further proceedings.
Judge Cohn Jubelirer joins in this dissenting opinion.

. Phila. Code §§ 19-4101-4108.

2. Act of August 5, 1932, Ex.Sess., P.L. 45, as amended, 53 P.S. §§ 15971-15973.

. Section 202(a) of the Act of March 4, 1971, P.L. 6, as amended, Pennsylvania Tax Reform Code of 1971, 72 P.S. § 7202(a), imposing a tax on the retail sale of soft drinks.

. 72 P.S. §§ 7101-10004.

. Because Appellants' Complaint Counts I and II overlap Count III, I would overrule the preliminary objections to Count III as well. Relative to the Uniformity Clause, because the PBT duplicates the Sales Tax, I cannot agree with the Majority’s analysis that the PBT is an excise tax. Thus, I would also overrule the preliminary objections to Counts IV through *601 VII. Finally, with respect to the special injunction, while I disagree that Appellants cannot prevail on the merits, I believe that "the injunction is [not] necessary to prevent immediate and irreparable harm that cannot be compensated adequately by damages!,]” and for that reason I would deny the injunction. SEIU Healthcare Pa. v. Commonwealth, 628 Pa. 573, 104 A.3d 495, 502 (2014).